CLERK, U.S. BANKRUPTCY COURT
DISTRICT OF OREGON

AUG 1 1 2010

LODGED_____ REC'D_____
PAID_____ DOCKETED_____

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: | ) Bankruptcy Case |
| | ) No. 09-67031-fra7 |
| MODESTO VIDANA ANGULO, | ) |
| | ) |
| Debtor. | ) |
| | ) Adversary Proceeding |
| OREGON COMMUNITY CREDIT UNION, | ) No. 10-6061-fra |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| MODESTO V. ANGULO, | ) |
| | ) MEMORANDUM OPINION |
| Defendant. | ) |

## I.   INTRODUCTION

Plaintiff seeks a judgment excepting its claim against the Debtor/Defendant from discharge, pursuant to 11 U.S.C. § 523(a)(2). Specifically, the Plaintiff alleges that the claim arises out of Defendant's fraudulent provision of a Social Security number that was not his.

Defendant denies that the Social Security number he provided was not his, that he obtained money from the Plaintiff by false pretenses, a false representation, or actual fraud, and that the

Page 1 - MEMORANDUM OPINION

Plaintiff reasonably relied on Defendant's representation with regard to his Social Security number. The answer goes on to raise three affirmative defenses, each of which asserts that the Plaintiff comes to Court with unclean hands, and therefore is not entitled to relief. The specific allegations are:

    1. That Plaintiff failed to comply with financial record-keeping and reporting requirements of Title 31 of the United States Code, as set out in 31 CFR Part 103;

    2. That Plaintiff failed to comply with the reporting requirements set out in 12 CFR Part 748; and

    3. That Plaintiff, in connection with its dealings with Defendant, is in violation of O.R.S. 723.816, establishing prohibited acts for officers, directors, employees or agents of credit unions.

Plaintiff filed a motion for partial judgment on the pleadings with respect to Defendant's affirmative defenses.

## II. JUDGMENT ON THE PLEADINGS

A motion for judgment on the pleadings under Fed.R.Civ.P. 12(c) is governed by the same standards as a motion to dismiss under Fed.R.Civ.P. 12(b)(6). <u>Burnette v. Carothers</u>, 192 F.3d 52, 56 (2d Cir. 1999).

Review of a pleading under Fed.R.Civ.P. 12(b)(6)[1] is based on the contents of the pleading, the allegations of which are accepted as true and construed in the light most favorable to the plaintiff. <u>North Slope Borough v. Rogstad</u> *(In Re Rogstad)*, 126 F.3d 1224, 1228 (9th Cir.

---

[1] Fed.R.Civ.P. 12(b)(6) is made applicable by Fed.R.Bankr.P. 7012(b).

Page 2 - MEMORANDUM OPINION

1997)(citations omitted). "[O]nce a claim has been adequately stated, it may be supported by showing any set of facts consistent with the allegations in the complaint [in the present case, the Answer]." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct.1955, 1969 (2007)(internal citation omitted).[2] This standard requires "enough fact to raise a reasonable expectation that discovery will reveal evidence [supporting the cause of action]. <u>Id</u>. at 1965. "A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" <u>Id</u>. (internal citation omitted). However, the court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. <u>Naert v. Daff</u>, *(In Re Washington Trust Deed Service Corp.)*, 224 B.R. 109, 112 (BAP 9th Cir. 1998).

### III.   DISCUSSION

Plaintiff asserts that its claim is excepted from discharge by 11 U.S.C. § 523(a)(2)(A):

> A discharge under section 727....of this title does not discharge an individual from any debt –
> (2)   for money, property services or an extension, renewal or refinancing of credit, to the extent obtained by –
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

Defendant asserts as affirmatives defenses violations of

---

[2] The <u>Bell Atlantic Corp.</u> opinion supercedes that part of <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957), wherein the Supreme Court stated that dismissal for failure to state a claim is improper unless it appears beyond a doubt that the plaintiff can prove no set of facts to support his claim or entitle him to relief.

Page 3 - MEMORANDUM OPINION

various regulatory rules or statutes. In essence, it is Defendant's position that, having violated these regulations, Plaintiff has forfeited the right to have its claim against the Defendant excepted from discharge. The Court does not agree. Taking each of the specific allegations in turn:

1. <u>Patriot Act Violation</u>: Pursuant to the so-called USA Patriot Act, Pub. L. No. 107-56, 115 Stat 272 (2001), the Secretary of the Treasury promulgated anti-money laundering programs in Subpart 1 of 31 CFR Chapter 1. As part of these regulations, 31 CFR § 103.121 established a customer identification program for banks, credit unions, and other depository institutions. The regulations require lenders, in connection with new loans, to collect and verify certain information from the borrower. The purpose of the program is evident from the sample notice prescribed by 31 CFR § 103.121(b)(5)(iii):

> IMPORTANT INFORMATION ABOUT PROCEDURES FOR OPENING A NEW ACCOUNT
> To help the government fight the funding of terrorism and money laundering activities, federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account.
>
> What this means for you: when you open an account, we will ask for your name, address, date of birth, and other information that will allow us to identify you. We may also ask to see your driver's license or other identifying documents.

The purpose of the USA Patriot Act and its attendant regulations is to protect the nation from money laundering and terrorist activities. It has no bearing on a lending institution's rights to collect what is owed, or to object to discharge of its claims in bankruptcy. Plaintiff's alleged failure to comply with mandated client

identification programs, even if established, does not by itself constitute a defense to the Bank's claim under § 523.

2. <u>Reporting Requirements:</u> Defendant alleges generally (not to say vaguely) that Plaintiff has not complied with requirements set out in 12 CFR Part 748. Part 748 is a portion of the regulations governing the administration of national credit unions. It establishes a security program which, among other things, requires reporting of various events. Plaintiff's failure to comply with this section does not, in and of itself, constitute a defense to the claims set out in the complaint.

3. <u>O.R.S. 723.816:</u> This state statute prohibits officers, directors, employees or agents of credit unions from wilfully, with intent to deceive, falsifying any of the books, accounts or records of a credit union. Violation of this statute by an individual may result in criminal penalties under O.R.S. 723.992. While evidence of fraudulent conduct with respect to the Credit Union's loan to the Defendant may be relevant to the Plaintiff's claim of justifiable reliance, violation of the statute does not, in and of itself, establish a defense to the § 523 claim.

IV. CONCLUSION

One of the elements of Plaintiff's claim under Code § 523(a)(2)(A) is that it justifiably relied on the representations made by the Defendant. <u>Field v. Mans</u>, 516 U.S. 59 (1995) It follows that evidence of applicable regulatory schemes, and Plaintiff's failure to comply with them, may have some bearing on the reliance element of the Plaintiff's case. It does not follow, however, that failure to comply with the statutes and regulations cited to by the Defendant, without

Page 5 - MEMORANDUM OPINION

more, operates to deny the relief sought by the Plaintiff.

An order will be entered allowing the Plaintiff's motion for partial judgment on the pleadings, and striking Defendant's affirmative defenses.

FRANK R. ALLEY, III
Bankruptcy Judge